UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GARCIA TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TONY AVIS HAY SERVICE, et al.,<br><br>　　　　Defendants. | No. 2:21–cv–1446–MCE–KJN<br><br>ORDER<br><br>(ECF No. 34.) |

　　　　On February 7, 2023, the court heard arguments regarding plaintiff's motion for sanctions against defendant Joe Avis Farms, LLC.[1]  Plaintiff seeks attorneys' fees and enforcement of a prior order compelling responses to certain discovery requests.  Regarding the outstanding discovery, plaintiff requests permission to be allowed on the premises of Joe Avis Farms so counsel can inspect and copy responsive records, and requests an order that Joe Avis Farms bear the costs for this inspection.  (ECF No. 34.)  Defendant filed late opposition, contending all discovery was produced as previously ordered and sanctions are unwarranted.  (ECF No. 38.)

　　　　After considering the written briefing, the oral argument, and the applicable law, the court grants plaintiff's motion in part.  Plaintiff is awarded the full amount of attorney's fees sought, but defendant is granted one more opportunity to produce fully responsive documents.

---

[1] The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(a), and Local Rule 302(c)(1).

**Background**

Plaintiff filed a complaint August 12, 2021, asserting twenty causes of action against defendants Tony Avis Hay Service, Joe Avis Farms, and three individuals (Tony Avis, Joe Avis, and Maria Avis). The bulk of the claims concern plaintiff's former employment as an agricultural worker. Relevant to this dispute, plaintiff asserted Tony Avis Hay Service and Joe Avis Farms were his joint employers, and at times failed to pay overtime and double time, to provide meal and rest breaks, and to provide wage statements. Critically, plaintiff also alleged certain of the claims on behalf of other aggrieved workers under California's Private Attorneys General Act ("PAGA"). (ECF No. 1.) Defendants answered, denying most of plaintiff's factual allegations, including that Joe Avis Farms employed plaintiff in any capacity (all defendants admitted plaintiff worked for Tony Avis Hay Service). (See ECF Nos. 9 and 12 at ¶ 1.)

On December 6, 2021, plaintiff served on Joe Avis Farms a request for production of documents set one. Relevant here, plaintiff requested documents responsive to his PAGA claims, as well as documents evidencing communications between Joe, Tony, and Maria Avis concerning the joint-employer theory. Joe Avis Farms responded on January 5, producing some but not all documents responsive to the requests. Regarding the PAGA claims, the production included summary sheets of its employees pay schedule, but did not include documents responsive to all portions of the PAGA-focused RFPs; also, communications between the defendant's family members were not produced. (ECF No. 34-1.) The parties conferred, and plaintiff then served requests for admissions ("RFAs") on Joe Avis Farms, seeking to confirm (among other things) the kinds of payroll and timekeeping records Joe Avis Farms kept in its regular course of business. (ECF No. 34-10.) Regarding these RFAs, Joe Avis Farms objected on relevance grounds, but confirmed it maintained and recorded the dates of employment and clock-in/clock-out times for each aggrieved worker. (ECF No. 34-11.)

In August of 2022, the parties informed the court they wished to participate in a court-mediated settlement conference; the matter was referred to the undersigned and set for a settlement on January 6, 2023. (ECF Nos. 15, 17, 18.)

///

In November of 2022, plaintiff filed a motion to compel, seeking responsive documents to multiple outstanding discovery requests. (ECF No. 21.) Plaintiff argued Joe Avis Farms failed to produce responses to the RFPs regarding (relevant here) the PAGA claims and the joint-employer claims. Defendant argued these requests were burdensome, harassing, and irrelevant to the case, as plaintiff was an employee of Tony Avis Hay Service and worked for Joe Avis Farms a single day as a landscaper (not the company's normal course of business). (ECF No. 21-1.) The court held a hearing on November 15, 2022, and informed defendant that despite its contention plaintiff was never an employee of Joe Avis Farms, this was defendants' theory of the case. Given plaintiff's theory as expressed in the complaint (and verified by plaintiff's counsel per Rule 11) that Joe Avis Farms and Tony Avis Hay Service were joint employers, plaintiff was entitled to communications between the family members in order to determine the extent, if any, of any joint employment. Thus, the court also ruled plaintiff was entitled to discovery on the PAGA claims. Defendant requested a narrower scope of years on the PAGA production, given that it was a family business and the payroll records would be voluminous. The court agreed, limiting the PAGA production from January 1, 2021, to the present. (See ECF No. 23.)

On December 7, 2022, defendant supplemented its production. However, plaintiff's counsel asserted by email that the PAGA production was still deficient, especially given the scope of the court's November 2022 order. Defense counsel responded by email, asserting all pertinent records had been produced pursuant to the court's order. Plaintiff's counsel responded, noting the summary sheets were the same that had already been produced—sheets that failed to note the start and stop time and hours worked each day. Defense counsel responded two weeks later, again asserting the supplemental production was not defective and complied with the court's order. (ECF Nos. 34-12 to 34-17.)

Plaintiff then requested to reschedule the January 6th settlement conference. Plaintiff argued he could not participate in settlement talks if he could not calculate the potential range of PAGA penalties, and from the documents produced it was not possible to determine whether any overtime, double time, meal or rest violations had occurred. Defendants asserted they were ready for settlement, but the court vacated the dates. (ECF Nos. 25, 28, 29, 30.)

Plaintiff then filed the instant motion for sanctions, seeking attorneys' fees for having to bring another motion regarding the outstanding discovery as well as a reaffirmation of the court's prior order. (ECF No. 34.) Defendant did not timely respond, despite the court's setting of the briefing schedule and order for the parties to continue conferring. (ECF Nos. 35, 37.) Plaintiff supplemented his brief, indicating that despite multiple attempts to confer, defense counsel was non-responsive. (ECF No. 37.) On February 6, 2023, defendant filed an opposition—a day before the hearing—arguing again that its production was complete, that plaintiff's PAGA claims were baseless given Joe Avis Farms did not employ him, and that (despite plaintiff's showing of his counsel's efforts to confer) defense counsel allegedly did attempt to confer but plaintiff did not respond. (ECF No. 38.) At the hearing, defense counsel acceded that plaintiff's counsel did attempt to confer, and acceded that its brief was late. Defense Counsel also indicated that Joe Avis Farms does keep a timecard system of some kind, though counsel was unaware of whether all timecards for all of Joe Avis's employees for the entire period were kept. Despite these facts, defendant maintained that, based on the scope of the court's November 2022 order on plaintiff's motion to compel, the document production was complete.

**Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) (the "Rule(s)") governs the scope of discovery, and states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 34 allows a party to request copies of documents in another party's possession, custody or control that are relevant to the case. The Rule provides 30 days to respond, and a failure to do so allows the requesting party to bring a motion to compel discovery.

Under Rule 37, a party seeking discovery may move for an order compelling responses if "a party fails to produce documents . . . as requested under Rule 34[.]" An "evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). Further, the Rules state that "if a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders"; these orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> \*\*\*
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order . . . .

Rule 37(b)(2)(A). Rule 37 allows for payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees" if the motion is granted. Rule 37(a)(5)(A).

**Analysis**

Here, it is clear to the court that Joe Avis Farms has not fully responded to plaintiff's requests for production regarding the PAGA claims—despite the court's clear order on November 16, 2022, to do so. As noted in the background section above, plaintiff has asserted claims against Joe Avis Farms on behalf of all aggrieved workers under PAGA. (ECF No. 1 at ¶¶ 25-32.) Plaintiff's claims include (Claim II) Failure to Pay Overtime and Double Time under Cal. Labor Code §§ 860, 1194, 1198 and Wage Order 14; (Claim III) Failure to Provide Rest and Meal Periods under Cal. Labor Code §§ 226.7, 512, and Wage Order 14; and (Claim IV) Failure to Provide Wage Statements Cal. Labor Code § 226. (Id. at 17-19; see also id. at ¶ 133 (specifically noting Claims II-IV are asserted on behalf of the aggrieved workers).) Defendant answered, denying the joint-employer allegations (see ECF No. 12), but until the issue is resolved by appropriate motion, this assertion is just defendant's competing theory of the case. Thus, plaintiff has a right to all discovery "regarding any nonprivileged matter that is relevant to [his] claim[s]." Rule 26(b)(1).

To this end, plaintiff propounded requests for production in December of 2021 that included the following:

5

>RFP 5: Electronic data reflecting, containing, or otherwise evidencing any payroll records for PLAINTIFF and other AGGRIEVED EMPLOYEES including any of the following: employee identifying number, amounts paid, dates of pay, dates of employment, rates of pay (hourly, salaried amount for a specified time period or piece-rate), time entries including all clock-in and clock-out times, number of regular hours worked, number of overtime hours, gross pay, net pay, any deductions made (and reasons therefore) from wages, earning summaries, check stubs, check copies, bank statements, year-to-date regular hours, year-to-date overtime hours, year-to-date gross pay, QuickBooks Backup Files (.qbb). This request includes any information regarding gross wages due, net wages due, HOURS WORKED, pieces worked, the number of work weeks PLAINTIFF worked during the COVERED PERIOD, and the applicable pay rates for the COVERED PERIOD.
>
>RFP 6: All WAGE STATEMENTS produced or maintained by [Joe Avis Farms] during the COVERED PERIOD."
>
>RFP 7: All DOCUMENTS showing HOURS WORKED each WORKDAY and pay period by PLAINTIFF and OTHER AGGRIEVED EMPLOYEES during the COVERED PERIOD. This request includes, but is not limited to, any electronically stored information maintained by your timekeeping system, daily or weekly time cards on which PLAINTIFF'S and OTHER AGGRIEVED WORKERS' HOURS WORKED were first recorded by [Joe Avis Farms] or at [its] direction, and other summaries showing the actual dates, and HOURS WORKED.

(ECF No. 34-2.)

At the hearing, defendant maintained that it has produced all documents responsive to the RFPs and based on the scope of the RFPs themselves and the court's November 16, 2022 order. However, there are clearly holes in defendant's production regarding the hours worked by each aggrieved worker each day.  To defendant's credit, it did produce some documents responsive to these requests, including a batch of employee earnings records and a master list of employees who worked for Joe Avis Farms from June of 2020 to the present.  (ECF Nos. 34-1 at ¶¶ 17-19; 34-5; 34-6; and 34-7.)  The employee earnings records appear to show relevant information regarding the date of the check, regular hours worked, rate of pay, total earnings, withholdings, and net pay.  (See, e.g., ECF Nos. 34-5 and 34-6.)  However, as plaintiff has consistently noted, these summaries do not show any time entries, clock-in or clock-out times indicating the hours worked each day and whether meal or rest breaks were provided.  For example, a line-item summary of 57 hours worked in a pay period could indicate the employee pulled multiple 6-hour

6

shifts over the pay period, or could indicate that employee worked four 14+-hour days during that time.  (See ECF No. 34-5.)  The former would not generate overtime penalties, while the latter would.  Plaintiff has a right to examine this information regarding the alleged aggrieved workers.

As to defendant's asserted confusion regarding the court's November 2022 order, it clearly stated: "Regarding the discovery on the PAGA claims, Joe Avis Farms shall produce (a) **all documents responsive to plaintiff's Request for Production of Documents, Set One, Nos. 5-8., for the period of January 1, 2021, to the present**[.]"  (ECF No. 23, emphasis added.)  Thus, all defendant needed to do to understand the scope of production was look at the RFPs, which clearly indicate plaintiff sought "time entries including all clock-in and clock-out times" and "all documents showing hours worked each workday and pay period" for the aggrieved workers.  (ECF No. 34-2.)

The court also ordered defendant to verify whether these documents exist, and if not, to inform plaintiff as much.  (ECF No. 23 at ¶ 5.)  Defendant has not indicated timecards or the like do not exist for the aggrieved employees, and based on defendant's response to plaintiff's RFAs, Joe Avis Farms does in fact keep these records in its normal course of business.  (ECF Nos. 34-10 and -11.)  At the hearing, defense counsel indicated he was unsure as to whether all records for all of the employees existed for the time period set by the court, but this was the point of the court's order for defendant to conduct a reasonable inquiry.

Thus, it appears Joe Avis Farms has done nothing more than disobey the court's previous order and disregard its responsibilities to provide relevant discovery.  Rule 37(a)(4) (noting that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond").

**Remedy**

Plaintiff seeks an order permitting counsel to enter defendant's premises and inspect/copy all responsive records, with Joe Avis Farms bearing the cost for this inspection.  At the hearing, defense counsel appeared to comprehend that the timekeeping records were relevant, and so the court will not take plaintiff up on his proposed remedy at this time.  Instead, defendant will be allowed <u>one final chance</u> to produce all documents responsive to plaintiff's Request for

Production Nos. 5-7.[2]  This includes (but is not limited to) "time entries including all clock-in and clock-out times" and "all documents showing hours worked each workday and pay period" for the aggrieved workers.  Though the court previously limited the production from January 1, 2021-present on proportionality grounds, defendant's production shall go back to the start of the covered period: **June 8, 2020-present**.  Defendant may redact the records solely to remove any personal identifiable information protectable on privacy grounds, but otherwise all objections are expressly overruled.  This production shall occur within 21 days of this order.[3]  See, e.g., Mashburn v. Powell, 2013 WL 12142630, at *1 (C.D. Cal. Dec. 20, 2013) (ordering errant party to produce all documents requested, without objection, after a failure to respond and cooperate in discovery).

     Plaintiff also seeks attorneys' fees in having to file this motion.  Counsel asserts she expended 6.5 hours of time in working up the sanctions motion, and her rate is $450/hour.  The court finds plaintiff's request for fees reasonable and appropriate, given the court's general granting of the relief plaintiff seeks.  Rule 37(a)(5)(A).  Thus, plaintiff is awarded $2,925 in attorney fee sanctions.  See, e.g., Salinas v. Staples, Inc., 2012 WL 12884428, at *2 (E.D. Cal. Sept. 24, 2012) (awarding $2610 in 2012 for 9 hours of work on a motion to compel discovery).

///

---

[2] From plaintiff's briefing, it appears defendant has satisfied RPD 8.  (See ECF No. 34-18.)

[3] Defendant is strongly encouraged to comply with this order and produce the relevant documents.  If this issue comes before the court again, the undersigned will consider more severe sanctions.  This may include plaintiff's proposed relief: an order permitting plaintiff's counsel to inspect and copy the records on Joe Avis Farms's premises and bill defendant for the costs of this effort.  However, depending on the egregiousness of any further failures on defendant's part, the sanctions could also include an order adopting a portion of plaintiff's complaint as true and/or striking some of defendant's defenses.  See Rule 37(b)(2)(A) (allowing for further just orders that may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [or] prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").  Practically speaking, this could mean the court makes an express finding that Joe Avis Farms and Tony Avis Hay Service jointly employed plaintiff for all purposes asserted in the complaint, and that all aggrieved workers did not receive meal breaks, rest breaks, overtime, and double time for each work day and pay period.  Such an order could also come with an express finding that all PAGA penalties are awardable at their maximum level, as asserted in the complaint

The court is keenly aware that the parties are seeking to settle this dispute, and defendant's likely intent is to keep its legal expenses low prior to settlement. However, as the court reminded defense counsel at the hearing, it is defendant's current failure to respond to discovery that is driving up costs in this action. Once plaintiff is able to ascertain the potential scope of the PAGA damages for the aggrieved workers, all parties will be able to fully participate in the settlement discussions.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to for sanctions (ECF No. 34) is GRANTED IN PART;
2. Defendant Joe Avis Farms shall produce all documents responsive to plaintiff's Request for Production Set One Nos. 5-8 within 21 days of this order. In its responses, defendant shall state whether a reasonable inquiry was made to find responsive documents, and if no responsive documents or tangible things exist, defendant shall so state with sufficient specificity; this is to allow plaintiff and the court to determine whether defendant made a reasonable inquiry and exercised due diligence; and
3. Plaintiff is awarded $2,925 in attorneys' fees under Rule 37(a)(5)(A). This sanction shall be paid to plaintiff within 21 days of this order, and after it is paid, defendant shall file a statement with the court indicating as much.

Dated:  February 9, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

truj.1446