UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GARCIA TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TONY AVIS HAY SERVICE, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-01446-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Jaime Garcia Trujillo ("Plaintiff") alleges various housing and employment violations against the following groups of Defendants: (1) Defendants Tony Avis Hay Service ("TAHS") and Tony Avis (collectively, "Tony Avis Defendants"); and (2) Joe Avis Farms LLC ("JAF"), Joe Avis, and Maria Avis[1] (collectively, "Non-Settling Defendants"). Plaintiff and the Tony Avis Defendants have reached a settlement under the California Private Attorneys General Act, California Labor Code § 2699 ("PAGA"). Presently before the Court is their Motion for Approval of the PAGA Settlement, which is opposed by the Non-Settling Defendants. ECF Nos. 57

///

---

[1] On July 27, 2023, Plaintiff filed a Suggestion of Death for Defendant Maria Avis and provided a copy of her death certificate which states that she died on June 12, 2023. ECF No. 65. Plaintiff intends to proceed against her estate and will file a motion for substitution. See ECF No. 67. Defendant Maria Avis' death does not impact disposition of the pending Motion.

1

("Pl.'s Mot."), 60-1 ("Non-Settling Defs.' Opp'n"), 61 ("Pl.'s Reply"), 62 ("Tony Avis Defs.' Reply"). For the reasons set forth below, the Motion is GRANTED.[2]

## BACKGROUND

### A. Procedural History

On August 12, 2021, Plaintiff filed his Complaint, stating that he is a former agricultural employee and tenant of Defendants who worked for them for approximately 18 years and lived in housing provided by Defendants in exchange for Plaintiff's labor. ECF No. 1, ¶ 1 ("Compl."). The Complaint alleges the following causes of action against all Defendants: (1) failure to pay minimum wages; (2) failure to pay overtime and double time wages; (3) failure to provide rest and meal periods; (4) failure to provide wage statements; (5) failure to issue checks with sufficient funds; (6) waiting time penalties; (7) failure to provide employee records; (8) unlawful and/or unfair business practices in violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 et seq.; (9) PAGA; (10) violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1831 et seq. ("AWPA"); (11) failure to pay contractual wages; (12) breach of the statutory warranty of habitability; (13) breach of implied warranty of habitability; (14) breach of contract; (15) breach of the covenant of quiet enjoyment; (16) negligence; (17) intentional infliction of emotional distress; (18) negligent infliction of emotional distress; (19) breach of the covenant of good faith and fair dealing; and (20) retaliatory eviction. See generally id.

According to a declaration from Plaintiff's counsel, "[p]ursuant to [California] Labor Code section 2699.3(a), Plaintiff gave timely written notice to all Defendants in this Action and the California Labor Workforce Development Agency ('LWDA') by sending the PAGA Notice on June 3, 2021 and an amended PAGA Notice on August 12, 2021."

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

2

1  Melendez Decl., ECF No. 57-2, ¶ 5.  The declaration further states that the LWDA did
2  not respond within the 60-day period specified in California Labor Code
3  § 2699.3(a)(2)(A).  Id.
4  　　　　The Tony Avis Defendants filed their Answer on September 9, 2021, and the Non-
5  Settling Defendants filed theirs on September 17, 2021.  ECF Nos. 9, 12 ("Non-Settling
6  Defs.' Answer").  All Defendants, in pertinent part, denied that they "ha[d] been joint
7  employers and/or employed Plaintiff as a single employer under AWPA and California
8  law."  Compare Compl. ¶ 21, with Tony Avis Defs.' Answer, ECF No. 9, ¶ 21, and Non-
9  Settling Defs.' Answer, ¶ 21.
10  　　　　Between December 2021 and July 2022, Plaintiff and the Tony Avis Defendants
11  exchanged discovery, including information and records relating to Plaintiff's
12  employment and the number of aggrieved employees under PAGA, as well as met and
13  conferred regarding the Tony Avis Defendants' discovery responses and production.
14  See Pl.'s Mot., at 4–5.  Discovery provided by the Tony Avis Defendants revealed that
15  "there were no other 'aggrieved employees' under PAGA during the PAGA period[,]"
16  meaning that "Plaintiff was the only 'aggrieved employee' for whom PAGA penalties
17  would apply."  Id. at 5.  In March 2022, they began discussing the possibility of
18  settlement.  Id.  According to Plaintiff's counsel,

> [t]he Tony Avis Defendants claimed financial inability to pay and, pursuant to a confidentiality agreement, provided Plaintiff with copies of their Tax Returns and Schedules for four years, bank records, and a financial affidavit.  Plaintiff further followed-up with questions regarding the financial information in these records, which Defendants answered.  Based on Plaintiff's review of the financial records of the Tony Avis Defendants, the Tony Avis Defendants substantiated their financial inability to pay Plaintiff's claim.  The continued prosecution of Plaintiff's housing and employment claims against the Tony Avis Defendants, and intertwined joint employment claims, could have resulted in Plaintiff recovering little or nothing from the Tony Avis Defendants.

26  Melendez Decl., ECF No. 57-2, ¶ 14.  Counsel for Plaintiff and the Tony Avis Defendants
27  also approached the Non-Settling Defendants to join in settlement discussions.  See
28  Melendez Decl. ISO Pl.'s Reply, ECF No. 61-1, ¶¶ 5–6; Ex. 1, id., ECF No. 61-2, at 5

1  (correspondence from Plaintiff's counsel to the Non-Settling Defendants) ("Please advise
2  whether Defendants Joe Avis Farms, Joe Avis and Maria Avis would also be interested
3  in early mediation of this matter before a magistrate judge.").

4  　　　　Between 2022 and the spring of 2023, Plaintiff and the Tony Avis Defendants
5  claim that they "engaged in non-collusive, arms-length settlement negotiations without
6  the assistance of a mediator," and they reached an agreement on March 27, 2023.  Pl.'s
7  Mot., at 5.  "According to representations of Tony Avis Defendants' counsel, the non-
8  settling Defendants declined to participate in settlement discussions or contribute to
9  settlement."  Melendez Decl. ISO Pl.'s Reply, ECF No. 61-1, ¶ 8.  Plaintiff and the Tony
10 Avis Defendants then filed their Notice of Settlement with the Court on March 29, 2023.
11 ECF No. 46.  On April 6, 2023, Plaintiff's counsel stated that "Plaintiff provided the non-
12 settling Defendants his initial settlement offer to start negotiations but has yet to receive
13 a response or counteroffer."  Melendez Decl. ISO Pl.'s Reply, ECF No. 61-1, ¶ 9.

14 　　　　On May 25, 2023, Plaintiff and the Tony Avis Defendants entered into the
15 operative long-form settlement agreement and filed their current Motion for Approval of
16 PAGA Settlement.  See Melendez Decl., ECF No. 57-2, ¶¶ 16.  "Plaintiff submitted a
17 copy of the proposed settlement to LWDA on" the same day.  Id. ¶ 17.  According to
18 Plaintiff, Tony Avis Defendants, and their counsel, "they are not aware of any other
19 pending matter or action asserting PAGA claims that will be extinguished or affected by
20 this settlement."  Id. ¶ 18.  On June 7, 2023, new counsel for the Non-Settling
21 Defendants were substituted in this case and an opposition to the Motion was filed the
22 next day on June 8, 2023.  ECF Nos. 59, 60.

23 　　　　**B.　　Terms of Settlement Agreement**

24 　　　The following terms are from Plaintiff and the Tony Avis Defendants' Settlement
25 Agreement of Individual and PAGA Claims.  See generally Ex. 1, Melendez Decl., ECF
26 No. 57-3.  "Due to the Tony Avis Defendants' financial inability to pay, the Parties have
27 agreed that the Tony Avis Defendants shall pay twenty five thousand dollars and no
28 cents ($25,000) to settle Plaintiff's claims, including his housing claims."  Id. at Section

4

III, ¶ 1.  Furthermore, "due to the Tony Avis Defendants' financial inability to pay, and the lack of other 'aggrieved employees' under PAGA, $0 of the Total Settlement Amount will be allocated to the PAGA penalty portion of Plaintiff's claims."  Id. at Section III, ¶ 4.  Plaintiff has also "agreed to waive his attorneys' fees and costs as to this settlement only," which means that "$0 is allocated to attorneys' fees and costs from the Total Settlement Amount."  Id. at Section IV, ¶ 1; Pl.'s Mot., at 7.

## STANDARD

Under PAGA, an "aggrieved employee" may bring an action for civil penalties for labor code violations on behalf of himself and other current or former employees.  See Cal. Lab. Code § 2699(a); see also id. § 2699(c) (defining "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.").  A plaintiff suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies[,]" which means "a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government."  Arias v. Superior Ct., 46 Cal. 4th 969, 986 (2009).  Before commencing a civil action under PAGA, an aggrieved employee must provide written notice to the LWDA and the employer.  See Cal. Lab. Code § 2699.3(a)(1)(A).

"[B]ecause a PAGA action functions as a 'substitute' for an action brought by the state government, a plaintiff suing under PAGA is limited to recovery of civil penalties only, rather than damages available privately through direct or class action claims." Perez v. All Ag, Inc., No. 1:18-cv-00927-DAD-EPG, 2021 WL 3129602, at *3 (E.D. Cal. July 23, 2021).  Any "civil penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to the [LWDA] . . .; and 25 percent to the aggrieved employees."  Cal. Lab. Code § 2699(i).

///

The court "shall review and approve any settlement of any civil action filed pursuant to" PAGA. Id. § 2699(l)(2) ("The proposed settlement shall be submitted to the [LWDA] at the same time that it is submitted to the court."). "Although there is no binding authority setting forth the proper standard of review for PAGA settlements, California district courts have applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is 'fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes.'" Clayborne v. Lithia Motors, Inc., No. 1:17-cv-00588-AWI-BAM, 2022 WL 16701278, at *2 (E.D. Cal. Oct. 24, 2022) (collecting cases).

## ANALYSIS

The issue before the Court is whether Plaintiff and the Tony Avis Defendants' PAGA settlement is fair, reasonable, and adequate in light of PAGA's policies and purposes. Despite not being a part of said settlement, the Non-Settling Defendants oppose it for numerous reasons. The Court will thus consider the propriety of the PAGA settlement in light of the Non-Settling Defendants' objections.

**A.     Notice**

As previously stated, notice must be given to the LWDA and employer before the commencement of a PAGA action. See Cal. Lab. Code § 2699.3(a)(1)(A). The Non-Settling Defendants contend that Plaintiff's PAGA Notice was not mailed to JAF and that JAF was not even referenced therein. Non-Settling Defs.' Opp'n, at 10; see Ex. C, Non-Settling Defs.' RJN, ECF No. 60-2, at 10–18 (PAGA Notice dated June 3, 2021).[3] However, Plaintiff's amended PAGA Notice dated August 12, 2021, does identify JAF as one of his employers and that notice was mailed to it. See Ex. 3, Melendez Decl. ISO Pl.'s Reply, ECF No. 61-4, at 3–12. Regardless, both notices were filed two years ago,

---

[3] The Non-Settling Defendants request that the Court take judicial notice, in part, of Plaintiff's June 3, 2021, PAGA Notice. See Non-Settling Defs.' RJN, ECF No. 60-2, at 3–4. Courts may consider documents incorporated by reference in the complaint. See Cal. Parents for Equalization of Educ. Materials v. Torlakson, 267 F. Supp.3d 1218, 1223 n.4 (N.D. Cal. 2017). As such, the Non-Settling Defendants' Request is GRANTED as to Exhibit C.

1   and the Non-Settling Defendants could have filed a motion challenging the allegedly
2   deficient notice long before now.  Raising such challenge in their opposition brief to a
3   settlement between some of the parties is not appropriate, especially since notice was
4   properly provided to the settling Tony Avis Defendants.

5   Additionally, Plaintiff was also required to submit the proposed settlement to the
6   LWDA "at the same time that it is submitted to the court."  Cal. Lab. Code § 2699(l)(2).
7   Plaintiff's counsel states that the proposed Settlement was submitted to both the Court
8   and the LWDA on May 25, 2023.  See Melendez Decl., ECF No. 57-2, ¶ 17.  The Court
9   thus finds that Plaintiff has met the statutory notice requirements.

10   **B.   Fairness, Reasonableness, and Adequacy of PAGA Settlement**

11   Through the present Motion, Plaintiff and the Tony Avis Defendants seek an order
12   approving a payment of $25,000 to Plaintiff "for settlement of his individual claims
13   against Defendants Tony Avis and [TAHS]," with $0 "allocated to the settlement of the
14   PAGA claim against Defendants Tony Avis and [TAHS]."  Pl.'s Mot., at 2.  Plaintiff
15   argues that the $0 to settle his PAGA claim against the Tony Avis Defendants "is fair,
16   reasonable, and adequate in light of PAGA's public policy objectives, the evidence
17   available, and the Tony Avis Defendants' ability to pay."  Id. at 8.  The Court agrees.

18   Plaintiff states that he and the Tony Avis Defendants "spent considerable time
19   propounding and responding to each other's discovery requests and meeting and
20   conferring on responses and production."  Id. (citing Melendez Decl., ECF No. 57-2,
21   ¶¶ 8–13).  In so doing, Plaintiff learned that he was the only "aggrieved employee"
22   entitled to PAGA penalties.  See Melendez Decl., ECF No. 57-2, ¶¶ 12–13.
23   Furthermore, although it was reached without a mediator or third-party, Plaintiff says that
24   the settlement resulted from "informed, non-collusive, and arms-length negotiations over
25   the course of several months between experienced counsel."  Pl.'s Mot., at 9 (citing
26   Melendez Decl., ECF No. 57-2, ¶¶ 27–28).

27   The Non-Settling Defendants argue that because the "Complaint asserts Labor
28   Code claims against all Defendants, alleges that all Defendants operated as a single

employer, and alleges that all Defendants engaged in joint conduct that caused the Labor Code violations[,]" Plaintiff cannot proceed with his claims against the Non-Settling Defendants while settling them with the Tony Avis Defendants. See Non-Settling Defs.' Opp'n, at 6. Additionally, they claim that, in light of Plaintiff's allegations that Defendants Joe and Maria Avis were "each an owner, officer, or managing agent" of TAHS, Compl., ¶ 18, the settlement agreement also releases all claims asserted against them. Non-Settling Defs.' Opp'n, at 8.

The Non-Settling Defendants' opposition primarily challenges the merits of Plaintiff's claims and their ultimate liability. Such arguments are appropriate for a motion to dismiss or summary judgment and not in opposition to the pending Motion. In any case, the Non-Settling Defendants denied allegations relating to the existence of any joint employment, agency, or relationship in their Answer. Compare, e.g., Compl., ¶¶ 10, 15–16, 18, 21, with Non-Settling Defs.' Answer, ¶¶ 10 (denying that Plaintiff was employed by Non-Settling Defendants), 15–16 (denying that Defendants Maria and Joe Avis were "acting on behalf of an employer"), 18 (denying that Defendants Maria and Joe Avis "are each an owner, officer, or managing agent of" TAHS), 21 (denying that all Defendants "have been joint employers and/or employed Plaintiff as a single employer"). The Non-Settling Defendants "cannot now prevent the settlement by Tony Avis [Defendants] by claiming that they were agents or managers of [TAHS] all along, and should be encompassed within the scope of the releases provided." Tony Avis Defs.' Reply, at 4.

The Non-Settling Defendants also contend that allocating no portion of the $25,000 settlement to Plaintiff's PAGA claim would mean that the cost would fall onto them. See Non-Settling Defs.' Opp'n, at 4. However, Plaintiff states that "discovery showed that during the PAGA period Tony Avis Defendants directly employed only one person, Plaintiff[,]" whereas Defendants Joe Avis and JAF "employed directly about 58 farmworkers – other aggrieved employees – during the PAGA period." See Pl.'s Reply, at 4. As such, "any potential award of PAGA penalties to other aggrieved employees

8

would not be driven by Tony Avis Defendants but by Joe Avis and [JAF], as penalties are calculated per employee per pay period, only during the PAGA period." Id.

There is a question as to whether Plaintiff can pursue an individual PAGA claim against the Tony Avis Defendants in the absence of other aggrieved employees. The Non-Settling Defendants cite cases in which the California court of appeals has held that a plaintiff cannot maintain an individual PAGA action. See Non-Settling Defs.' Opp'n, at 9 (collecting cases). Plaintiff contends that there are recent cases questioning this proposition but nevertheless, given that "this is a litigation risk and uncharted territory, out of an abundance of caution the Settlement Agreement waives Plaintiff's individual PAGA claim." Pl.'s Reply, at 4.

Lastly, the Non-Settling Defendants take issue with the settlement being based on the Tony Avis Defendants' "supposed financial distress," contending that the Motion fails to describe the contents of the documents demonstrating financial instability. See Non-Settling Defs.' Opp'n, at 10. However, Plaintiff states that he and the Tony Avis Defendants reviewed tax returns, bank records, and a financial affidavit, all of which supported the Tony Avis Defendants' financial instability. See Melendez Decl., ECF No. 57-2, ¶ 14. The Non-Settling Defendants also argue that the Motion fails to mention that the Tony Avis Defendants have another business, Hay Tone's LLC, which paid Plaintiff as well.[4] See Non-Settling Defs.' Opp'n, at 10. Plaintiff counters that the information provided by the Tony Avis Defendants included the financial records of Hay Tone's LLC, but such information did not change the fact that the Tony Avis Defendants are in financial trouble. See Melendez Decl. ISO Reply, ECF No. 61-1, ¶ 17.

As previously stated, the question before the Court is whether the PAGA settlement is fair, adequate, and reasonable in light of PAGA's policies. Given that the

---

[4] The Non-Settling Defendants also ask the Court to take judicial notice of a Statement of Information and Statement of No Change filed by Hay Tone's LLC with the California Secretary of State. See Exs. A–B, Non-Settling Defs.' RJN, ECF No. 60-2, at 5–8. Because courts make take judicial notice of such records, the Non-Settling Defendants' Request is GRANTED as to Exhibits A and B. See Gastelum v. Cent. Valley Hosp. LLC, No. 1:21-cv-01079-JLT-SAB, 2022 WL 3211747, at *7 n.4 (E.D. Cal. Aug. 9, 2022).

Tony Avis Defendants did not employ any other aggrieved employees besides Plaintiff, allocating $0 to the PAGA claim is appropriate.  The Non-Settling Defendants' opposition does not provide any reason as to why this settlement should not be approved.  Accordingly, the Motion is GRANTED.

### C.   Attorneys' Fees and Costs

"Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs . . . ." Cal. Lab. Code § 2699(g)(1).  Here, however, the proposed Settlement states that $0 of the total settlement amount will be allocated to attorneys' fees and costs.  See Pl.'s Mot., at 2.  Plaintiff has agreed to waive such fees and costs in light of the Tony Avis Defendants' inability to pay and the total settlement amount.  Melendez Decl., ECF No. 57-2 ¶ 24.

### CONCLUSION

For the foregoing reasons, Plaintiff and the Tony Avis Defendants' Motion for Approval of PAGA Settlement, ECF No. 57, is GRANTED.  Not later than twenty (20) days after the issuance of this Memorandum and Order, Plaintiff and the Tony Avis Defendants shall file a stipulation of dismissal or a joint status report, and Plaintiff and the Non-Settling Defendants shall file a joint status report as to the next steps in this case.

IT IS SO ORDERED.

Dated:  August 3, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE